| | | |
|---|---|---|
| **ORLANDO LYONS** | * | IN THE |
| 1200 Duckbill Drive | | |
| Midlothian, Virginia 23113 | * | CIRCUIT COURT |
| | | |
| Plaintiff | * | FOR |
| | | |
| v. | * | BALTIMORE CITY |
| | | |
| **G & S FOODS, LLC** | * | |
| d/b/a Food Depot | | |
| 1300 S. Monroe Street | * | |
| Baltimore, Maryland 21230 | | CASE NO.: 24-C-18-005911 |
| | * | |
| S/O Benjamin J. Sigman, Resident Agent | | |
| 1300 S. Monroe Street | * | |
| Baltimore, Maryland 21230 | | |
| | * | |
| **Defendant** | | |
| *   *   *   *   *   *   *   *   *   *   * | | |

## AMENDED COMPLAINT

Comes now, the Plaintiff, Orlando Lyons, by and through his attorney, David F. Luby and the Law Offices of David F. Luby, LLC, and for a cause of action against the above-named Defendant, states as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, **ORLANDO LYONS**, is a resident of Chesterfield County, Virginia.

2. Defendant, **G & S FOODS, LLC**, is a Maryland corporation that owns and operates the FOOD DEPOT grocery store located at 2495 Frederik Avenue, Baltimore, Maryland 21223.

3. The occurrence described herein occurred at the FOOD DEPOT grocery store located at 2495 Frederik Avenue, Baltimore, Maryland 21223.

4. Jurisdiction is proper in the Circuit Court for Baltimore City.

5. On or about May 2, 2016, Plaintiff, Orlando Lyons, was working as a truck driver delivering inventory to the FOOD DEPOT located at 2495 Frederick Avenue, Baltimore, Maryland 21223 (the "Premises").

6. Plaintiff was a lawfully on said Premises, as a guest, invitee, and/or business invitee.

7. Defendant, G & S FOODS, LLC, owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, the Premises, including the dock plate, loading dock, truck ramp leading up to the loading dock, and all areas around the loading dock and truck ramp leading up to the loading dock.

8. At the aforementioned time and place, Plaintiff was unloading his inventory in the normal course as a guest, invitee and/or business invitee, when suddenly and without warning the dock plate, located on the Premises and that facilitates the transfer of inventory from Plaintiff's truck to the grocery store, functioned improperly and flipped up, trapping Plaintiff's leg between the dock plate and Plaintiff's inventory, and caused Plaintiff to fall to the ground sustaining severe and permanent injuries.

9. That on the occasion in question, this occurrence was caused by the negligence of the Defendant, with no contributory negligence, on the part of the Plaintiff.

### COUNT I – Defendant G & S Foods, LLC

10. Plaintiff hereby incorporates Paragraphs 1-9 as if fully set forth herein.

11. At the aforesaid time and place, Defendant, G & S Foods, LLC, individually and/or by and through its agents, servants and/or employees, had a duty to maintain the aforementioned

Premises, including the dock plate, loading dock and truck ramp leading up to the loading dock, in a reasonably safe condition for persons lawfully on said premises, to include Plaintiff herein.

12. At the aforesaid time and place, the Defendant, G & S Foods, LLC, by and through its agents, servants and/or employees, disregarded said duty and caused the dock plate, loading dock and truck ramp leading up to the loading dock to become dangerous and/or function improperly so as to render the dock plate, loading dock and ramp leading up to the loading dock dangerous and unsafe for use, and as a result of this dangerous condition, Plaintiff slipped and fell.

13. At the aforesaid time and place, the Defendant, G & S Foods, LLC, as the owner, operator and manager of the Premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following and/or careless and negligent acts and omissions:

   a. Improperly operated, managed, maintained and controlled the Premises in failing to properly maintain the aforesaid dock plate, loading dock and ramp leading up to the loading dock;

   b. Failed to properly maintain the dock plate, loading dock and ramp leading up to the loading dock, in the aforesaid Premises for an unreasonable length of time;

   c. Failed to warn Plaintiff or other persons lawfully on the Premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to Plaintiff;

   d. Failed to make a reasonable inspection of the Premises when he knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to Plaintiff and others lawfully on the premises;

3

 e. Allowed the aforementioned Premises to remain in a dangerous and unsafe condition, making the loading dock and ramp leading up to the loading dock unfit for loading and unloading inventory, for an unreasonable length of time;

 f. Caused and/or created the dock plate to operate improperly and/or unsafe for loading and unloading inventory for an unreasonable length of time;

 g. Failed to perform maintenance and safety inspections in a manner such as to avoid the dangerous and unsafe conditions created at the Premises;

 h. Failed to perform maintenance and/or safety inspections in accordance with any and all written agreements and/or contracts such as to avoid unsafe, hazardous and dangerous conditions at the loading dock and ramp leading up to the loading dock;

 i. Failed to perform/provide maintenance and/or safety inspections in accordance with custom and practice in the industry resulting in the dock plate operating improperly and/or dangerous and unsafe conditions on the loading dock and ramp leading up to the loading dock;

 j. Failed to comply with basic safety standards and safety practices required in the operation, maintenance and management of the Premises; and

 k. Was otherwise careless and negligent in the operation of the Premises.

14. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, G & S Foods, LLC, the Plaintiff, Orlando Lyons, sustained painful and possibly permanent bodily injuries, incurred medical expenses, lost time and income from work, experienced pain, suffering and inconvenience, sustained mental anguish and nervousness, suffered other damages and will in the future incur medical expenses, lose time and income from work, and experience, pain, suffering and inconvenience.

**WHEREFORE**, the Plaintiff, Orlando Lyons, demands judgment against the Defendant, G & S Foods, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and the cost of this action and for such other and further relief as this Honorable Court may deem appropriate

_____
David F. Luby
Law Offices of David F. Luby, LLC
5105 Clifford Road
Perry Hall, Maryland 21128
443-540-8288; Fax: 443-279-2823
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a trial by jury on all issues.

Respectfully submitted,

_____
David F. Luby
Law Offices of David F. Luby, LLC
5105 Clifford Road
Perry Hall, Maryland 21128
443-540-8288; Fax: 443-279-2823
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2019, a copy of the foregoing Amended Complaint was electronically mailed and mailed, first-class, postage prepaid to:

Paul Finamore, Esq.
Niles, Barton & Wilmer, LLP
111 S. Calvert St., #1400
Baltimore, Maryland 21202

and

Timothy Fitzgerald, Esq.
100 South Charles Street
Suite 1101 – Tower II
Baltimore, Maryland 21201
Attorneys for B. Green & Company, Food Depot, Chuck Kidwell

*David F. Luby*

David F. Luby