IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ORLANDO LYONS<br><br>   Plaintiff<br><br>v.<br><br>G&S FOODS, LLC d/b/a FOOD DEPOT<br><br>   Defendant | Civil Action No.: 1:19-cv-01027-JKB |

## **STATEMENT OF THE CASE**

COMES NOW Defendant, G&S Foods, LLC d/b/a Food Depot, (hereinafter referred to as "Defendant"), by its attorneys, Mark A. Kozlowski, and the Law Office of Jonathan P. Stebenne, and and Paul M. Finamore and Pessin Katz Law, P.A., and states:

1. Plaintiff, Orlando Lyons ("Plaintiff"), initiated the present action against different defendants in the Circuit Court of Baltimore City, Maryland, Case No. 24-C-18-005911, on or about November 2, 2018 ("Underlying Action"). In the Underlying Action, the incorrect corporate entity was named and an employee was named whose joinder in the Underlying Action was unnecessary. Pursuant to discussions among counsel to the Underlying Suit and after informal exchange of discovery, an Amended Complaint was filed on March 29, 2019. A summons and the Complaint were never issued because G&S Foods, LLC d/b/a Food Depot removed the case to this Court.

2. G&S Foods, LLC d/b/a Food Depot is a Maryland Corporation with its principal place of business in Baltimore, Maryland.

3. Removal of this matter was made prior to the date of service. This renewed occurred within thirty 30 days of the date that the sole non-diverse defendant was dismissed from the litigation. Pursuant to 28 U.S.C. §1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Furthermore, the dismissal of non-diverse parties is an occurrence that permits removal pursuant to 28 U.S.C. §1446(b)(3), where "parties to the state court action through the plaintiff's voluntary dismissal of those defendants whose presence destroyed complete diversity of citizenship may make a previously unremovable action removable." Pittman v. Quest Diagnostics, Inc., Civil Action No. ELH-15-3093, 2016 U.S. Dist. LEXIS 16689, at *10-12 (D. Md. Feb. 11, 2016).

4. This action was not commenced in state court more than one year before the date of removal.

5. The sole remaining defendant is represented by undersigned counsel and submit this Statement of the Case in compliance with this Court's standing Order.

Respectfully submitted,

/S/ Mark A. Kozlowski
Mark A. Kozlowski
Federal Bar No.: 8912180335
Law Office of Jonathan P. Stebenne
100 South Charles Street, Suite 1101-Tower II
Baltimore, MD 21201
(410) 752-0575
mark.kozlowski@libertymutual.com
*Co-counsel for Defendant G&S Foods, LLC d/b/a Food Depot*

/S/ Paul M. Finamore
Paul M. Finamore
Federal Bar No. 05992
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
Phone: (410) 740-3170
Fax: (410) 307-6559
pfinamore@pklaw.com
*Co-counsel for Defendant G&S Foods, LLC d/b/a Food Depot*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on May 3, 2019, a copy of the foregoing Statement of the Case has been mailed or otherwise electronically sent to:

David F. Luby, Esquire
Law Offices of David F. Luby, LLC
5105 Clifford Road
Perry Hall, MD 21128
Counsel for Plaintiff

Paul M. Finamore, Esquire
Niles Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
Counsel for Defendant G&S Foods, LLC d/b/a Food Depot

/S/ Mark A. Kozlowski
Mark A. Kozlowski